Chief Justice Bibb
delivered the Opinion of the Court,
On the 5th September, 1825, Charles W. Holloway, declared in assumpsit against Dough erty, in three counts. The first is upon an agreement to pay the plaintiff fifty dollars, in paper of the Bank of the Commonwealth, for a yoke of oxen, and so much money as the yoke, and the conveying of the oxen to the defendant’s house, were reasonably worth; with an averment that the yoke and conveyance of the oxen, were reasonably worth ten dollars. The second count, is an indebitatus assumpsit for sixty dollars, for another yoke of oxen, and the yoke, and conveying them [to the defendant. The third count, is a quantum valebant, for another yoke of oxen, the yoke, and conveying them to the defendant, with an avermept that they were worth sixty dollars. Plea, non assumpsit.
The plaintiff proved an agreement by the defendant, to pay the plaintiff fifty dollars in Commonwealth’s paper for the yoke of oxen; and for the yoke, and for conveying them to the defendant, as much money as they were reasonably worth; that the oxen were delivered, the yoke worth three dollars fifty cents; and that a negro was employed one day in driving the oxen, twenty-seven miles, to the defendant, and one day in returning.
The witness on the part of the plaintiff, proved the oxen, the yoke, and the negro employed in driving the oxen to defendant, were the property of Mrs, Iiollpway, the mother of the plaintiff; and the witness supposed the plaintiff was selling them as the agent of his mother.
Upon the plaintiff’s evidence, the defendant moved the court to instruct the jury, that if they be-; lieved from the evidence, that the plaintiff sold the property as agent for his mother, or if they believed the whole of the property belongecj to Mrs. Hollo *315 way, the mother, they should find for the defend» ant. The court directed the jury, that if the plaintiff sold the property as his mother’s agent, then the action in his own name, would not lie; but if he sold it- as his own, and the defendant promised to pay the plaintiff, whether the property was his mother’s, or not, they ought to find for plaintiff.
Rescission of the contract offered by vendee of the oxen.
Instructions of the court on plaintiff’s motion.
Instructions of the court on the defen’ dant’s motion.
^Evidence of defendant rejected.
Verdict and judgment.
It appeared from the evidence, that the oxen would not work, and after trying them repeatedly and effectually, and finding they would not work, unless with another yoke of oxen before them, the defendant tendered them to the plaintiff, and turned them out, in the plaintiff’s stable yard.
The plaintiff moved the court to instruct the jury, that if the plaintiff did not make any representations that he knew to lie false, the law was for the plaintiff; which -instruction the court gave.
The defendant moved the court to instruct the jury, that if the plaintiff represented the oxen as good work oxen, without knowing whether they were or not, that the sale was a fraud upon the defendant; this the court refused, hut instructed the jury, that if the plaintiff knew of any defect in the oxen, and did not disclose it, or if he made false representations, knowing them to be false, the law 'was for the defendant-; hut if he misrepresented, 'not knowing it to be a misrepresentation, it did not vitiate the sale.
The plaintiff offered evidence to prove that at the sale, the paper of the Bank óf tire Commonwealth, was worth only fifty cents in silver to the dollar in paper; to this the defendant objected, having endorsed on his declaration, that he would receive the paper in discharge of his demand, and the evidence was rejected.
The jury found fifty-four dollars in damages; and therefor, the judgment wds rendered: with a note at the foot of the judgment — “Plaintiff agrees to receive Commonwealth’s paper in discharge of this judgment;” to which the defendant prosecutes this Writ of error.
If, in an action for the price of goods, the vendee prove ihe property in another, the plaintiff must shew an authority in from the owner to make the sale, or he cannot recover.
It seems that the fact that a yoke of ox®ri will riot work, raises no presumption there was a fraud in the sale of them.
*316 The first question is upon the refusal óf the court to instrrict the jury, that if the property belonged to Mrs. Holloway, they should find for the defendant; aritl in instructing them, if the plaintiff sold it as his own, and the defendant promised tb pay the plaintiff, the action was well brought, although the property did belong to Mrs'. Holloway» A factor or agent, who has authority to sell, and does sell in fiis own name, not disclpsing his agency, may maintain an action for the price. The right of property passes by the sale; the defendant is not liable to the action of detinue or trover, by. the principal, nor to his action,- for the price, after it has been recovered, or received by the agent. But if A, professing to be the owner, sells the goods of B, without authority, it is a fraud, and the purchaser may rely on it as vitiating the sale, and having disaffirmed the contract, taay resist the action for the price. The purchaser is not obliged to rely on the implied warranty of title which is annexed to. every sale of personal property. He is liable to the action of detinue', or trover, by the true owner. Where the vendor of personal property is possessed, and delivers it to the. vendee, such possession and delivery, is prima facie evidence of title, and throws the burthen of proof p¡n the .vendee, who would avoid his contract of purchase, because the right of property was in another. But when the purchaser shews the-right of property to be in another, the vendor may show that he had authority to sell as factor, agent, or consignee, and so affirm the contract by showing that the purchaser has‘acquired a good title. The plaintiff’s testimony having proved the property to belong to Mrs. Holloway, and the plaintiff suing in his own name, 'the law of the case was not correctly delivered tb the jury. The judge ought to have instructed the jury, that if they found the property at the time of the sale and delivery, to have belonged to Mrs. Holloway, they ought to find for the defendant, unless they found that she had authorized her son to sell, or had ratified the act.
All the instructions relátive to the supposed misrepresentation, or fraud, and the law ’consequent bn misrepresention, and concealment of the unruly, or unbroken habits of the oxeri, may be dismissed, with *317 this remark, they were abstract propositions, founded on no evidence whatever, conducing to prove any representations, concealment, or fraud in the plaintiff; both the affirmation, arid the scienter, are wanting; the voluntary representation of the witness, in the absence, arid without the knowledge, consent, ór request of the plaintiff* cannot affect him.
Where the contract is in part for. the payment of bank notes, and A part an implied contract, which must be for money, the recovery cannot be for bank paper
Rudd, for -plaintiff; Denny, for deféridant.
iBut the court erred in rejecting tíre evidence as to the value of the Commonwealth’s paper, and in sanctioning the verdict and judgment for paper; when the demand was mixed partly of paper money of Kentucky, and partly of lawful money of the United States. The contract as proved was for paper money in part only — fifty dollars for the oxen; but as to the yoke and the conveyance, there was no express contract proved, as to payment in Commonwealth’s paper. The law will not imply an assumpsit to pay.in such paper; and so the statute authorizing judgments to be rendered, to be discharged in paper of the Bank of the Commonwealth, did not apply.
It seems to this court, that the jury were misdirected as to the law of tjie case; the evidence as to the value of Commonwealth’s paper was improperly rejected, and the judgment improperly rendered, in effect', for paper of the Bank of the Commonwealth. It is, therefore, considered by tlje court, that the judgment be reversed, the verdict set aside, ■and the cause remanded for a venire facias de novo.
Plaintiff to recover his costs in this court.